IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ZAPFRAUD, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 19-1691-CFC |
| | ) |
| PROOFPOINT, INC., | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT PROOFPOINT, INC.'S MOTION
TO DISMISS UNDER RULE 12(b)(6)**

Defendant Proofpoint, Inc. moves to dismiss Plaintiff ZapFraud, Inc.'s complaint under Rule 12(b)(6) for failure to state a claim on which relief may be granted. For its opening brief and proposed order, Proofpoint respectfully joins and incorporates by reference the November 22, 2019 motion to dismiss, proposed order, and opening brief filed in this Court by the Mimecast defendants in C.A. No. 19-1690-CFC (D. Del.) (D.I. 20-21).  In support of this motion, Proofpoint states as follows:

1. ZapFraud filed this suit on September 10, 2019, alleging infringement of U.S. Patent No. 10,277,628 (the '628 patent). D.I. 1. ZapFraud also asserted the '628 patent against several other defendants in separate suits. C.A. Nos. 19-1687, -1688, -1689, -1690 (D. Del.). ZapFraud amended its complaint in this case on October 17, 2019. D.I. 10.

1

2. On November 22, 2019, the Mimecast defendants filed a motion to dismiss ZapFraud's claims for lack of patent eligible subject matter under 35 U.S.C. § 101, along with a brief in support of that motion. *ZapFraud, Inc. v. Mimecast N.A. Inc.*, C.A. No. 19-1690-CFC (D. Del.) (D.I. 20–21).

3. As the Mimecast brief explains, the '628 patent is directed to patent ineligible subject matter under the Supreme Court's test in *Alice Corp. v. CLS Bank International*, 573 U.S. 208, 216-18 (2014). Because doing so serves the interest of judicial economy, Proofpoint joins and fully incorporates Mimecast's brief to support dismissal in this case.[1]

4. For the convenience of the Court, the following table provides the language of the primary claim at issue (claim 14) with (i) the claim limitations grouped and numbered to help illustrate their internal dependency and (ii) a comparison to opinions cited in the Mimecast brief where similar claim language was found abstract.

| Claim language | Comparison To Federal Circuit Opinions Finding Abstract Ideas |
|---|---|
|  |  |

---

[1] Proofpoint reserves the right to reply independently to any specific arguments ZapFraud raises in opposition to dismissal. Moreover, although Proofpoint joins Mimecast's motion in this Court, in the interest of judicial economy, Proofpoint intends to seek a transfer of the case to the Northern District of California for the convenience of parties and witnesses and in the interest of justice under 28 U.S.C. § 1404(a).

| | |
|---|---|
| **14.** A method for detecting attempted deception in an electronic communication, comprising: | |
| [1] *receiving*, by at least one server, an *electronic communication* addressed to a user of a client device; and | *FairWarning IP, LLC v. Iatric Sys., Inc.*, 839 F.3d 1089, 1095 (Fed. Cir. 2016) ("*collecting* and analyzing *information* to detect misuse and notifying a user" is abstract idea) |
| [2] *parsing*, by the at least one server, a *display name* associated with the electronic communication; | *Id.* ("collecting and *analyzing information*" is abstract idea) |
| [3] *determining, by at least one classifier component* executing on one or more processors, that the electronic *communication appears to have been transmitted on behalf of* an authoritative entity *by*: | *Compare Two-WayMedia Ltd. v. Comcast Cable Commc'ns, LLC*, 874 F.3d 1329, 1339 (Fed. Cir. 2017) ("result-based functional language" is abstract). |
| *computing a similarity distance* between the display name and at least a name of the authoritative entity, | *Id.* |
| wherein the *name* of the authoritative entity *is retrieved from* the at least one of the profile and a content database, | *Elec. Power Grp., LLC v. Alstom S.A.*, 830 F.3d 1350, 1353 (Fed. Cir. 2016) (collecting and analyzing data is abstract idea) |
| wherein the similarity distance is computed by comparison of items *by at least one of*: | |
| [3.1] basing the comparison on at least one of *a match between the display name associated with the electronic communication and the* | *CyberSource Corp. v. Retail Decisions, Inc.*, 654 F.3d 1366, 1373-74 (Fed. Cir. 2011) (comparing credit card transaction data is abstract idea) |

3

| | |
|---|---|
| *display name of the authoritative entity*, and<br><br>a match between headers associated with the electronic communication and headers associated with the authoritative entity | Optional abstract limitation to the above recited comparison. *Compare Electric Power*, 830 F.3d at 1354-55 ("core" of "lengthy" eight-step claims was abstract idea) |
| [3.1.1] wherein *the matches are determined by* at least one of: *determining that the compared items are the same*, | *CyberSource*, 654 F.3d at 1373-74 (comparing credit card transaction data is abstract idea) |
| determining that the compared items have a Hamming distance below a threshold value, determining that the compared items have an edit distance below a threshold value, determining that a support vector machine indicates a similarity based on previously trained examples, determining a similarity score based on how many characters were replaced by characters of sufficient similarity and performing at least one normalization followed by a comparison; | Optional abstract limitations to the above recited comparison. *Compare Electric Power*, 830 F.3d at 1354-55 ("core" of "lengthy" eight-step claims was abstract idea) |
| [4] *determine, by the at least one classifier component*, that the electronic *communication was not transmitted with authorization* from the authoritative entity; | *Two-WayMedia*, 874 F.3d at 1339 ("result-based functional language" is abstract) |
| [5] based at least in part on determining that the electronic | *In re TLI Commc'ns. LLC Patent Litig.*, 823 F.3d 607, 612 (Fed. Cir. 2016) ("classifying and |

4

| | |
|---|---|
| communication appears to have been transmitted on behalf of the authoritative entity and determining that the electronic communication was not transmitted with authorization from the authoritative entity, ***performing a security determination***, by the at least one server, ***including classifying the electronic communication***, wherein the classifying includes two or more security classifications including good and bad; and | storing digital images in an organized manner" is an abstract idea) |
| [6] based at least in part on the security determination resulting in a bad classification, ***performing an action*** by the at least one server ***comprising at least one of erasing the electronic communication***, | *Intellectual Ventures I LLC v. Symantec Corp.*, 838 F.3d 1307, 1317 (Fed. Cir. 2016) ("methods of screening messages are abstract ideas, fundamental practices long prevalent in our system and methods of organizing human activity") (internal quotations omitted). |
| marking up the electronic communication at least in part by adding a warning or an explanation, flagging the electronic communication, forwarding the electronic communication to a third party, placing the electronic communications in the spam folder, and forwarding the electronic communication to a repository. | Optional abstract limitations to the above recited erasing. *Compare Electric Power*, 830 F.3d at 1354-55 ("core" of "lengthy" eight-step claims was abstract idea) |

5

WHEREFORE, for the reasons explained in Mimecast's brief in support of its motion to dismiss, Proofpoint respectfully requests that the Court dismiss Zapfraud's claims with prejudice because the '628 patent claims lack patent eligible subject matter under § 101.

|  |  |
|---|---|
| | */s/ Karen E. Keller* |
| | Karen E. Keller (No. 4489) |
| | David M. Fry (No. 5486) |
| | Nathan R. Hoeschen (No. 6232) |
| OF COUNSEL: | SHAW KELLER LLP |
| Katherine Vidal | I.M. Pei Building |
| Michael R. Rueckheim | 1105 North Market Street, 12th Floor |
| WINSTON & STRAWN LLP | Wilmington, DE 19801 |
| 275 Middlefield Road, Suite 205 | (302) 298-0700 |
| Menlo Park, CA 94025 | kkeller@shawkeller.com |
| (650) 858-6500 | dfry@shawkeller.com |
| | nhoeschen@shawkeller.com |
| William M. Logan | *Attorneys for Defendant* |
| WINSTON & STRAWN LLP | |
| 1111 Louisiana Street, 25th Floor | |
| Houston, TX 77002-5242 | |
| (713) 651-2766 | |

Dated: December 3, 2019

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that this motion complies with the Court's standing orders regarding briefing because it was prepared in 14-point Times New Roman font and contains 1,093 words.

*/s/ Karen E. Keller*
Karen E. Keller (No. 4489)