IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ZAPFRAUD, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 19-1691-CFC |
| ) | |
| PROOFPOINT, INC., ) | |
| ) | |
| Defendant. ) | |

### DEFENDANT PROOFPOINT, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS UNDER RULE 12(b)(6)

To reduce the burden on this Court in reviewing multiple briefs, Proofpoint's opening motion to dismiss joined and incorporated by reference the November 22, 2019 motion to dismiss filed in this Court by the Mimecast defendants in C.A. No. 19-1690-CFC (D. Del.) (D.I. 20-21).  Similarly, for this reply, Proofpoint joins and incorporates by reference the January 10, 2020 reply that the Mimecast defendants filed in support of their motion to dismiss (D.I. 26), and briefly states as follows:

1.      ZapFraud's opposition to Proofpoint's motion makes two additional arguments with respect to the reference table provided in Proofpint's motion comparing the relevant patent claim limitations with the legal "opinions cited in the Mimecast brief where similar claim language was found abstract." D.I. 12 at 2–5. Both arguments fail.

2.   First, ZapFraud argues that it is "legal error" for a "Section 101 inquiry [to] involve[] an element-by-element analysis of claim language." D.I. 16 at 1. This argument is incorrect. As explained in Mimecast's reply, "[t]he appropriate question [at step two] is *not* whether the *entire claim as a whole* was 'well-understood, routine [and] conventional'" but rather whether, "*apart from*" the abstract idea, the additional elements add something inventive." D.I. 26 at 9 (emphasis in the original) (quoting *Chamberlain Grp., Inc. v. Techtronic Indus. Co.*, 935 F.3d 1341, 1348–49 (Fed. Cir. 2019)).

3.   Second, ZapFraud argued that courts have upheld "claims reciting similar elements." D.I. 16 at 2-3 (citing to five opinions). This argument is inapposite. ZapFraud did not explain why the claims in those opinions were ultimately withheld. Further, each of these opinions are distinguishable. For example, unlike the ZapFraud claims which recite basic steps that humans can and do perform (*see* D.I. 21 at 1-2, 9-12), the *SRI Int'l* claims recited a complex method that a "human mind is not equipped to" perform. *SRI Int'l, Inc. v. Cisco Systems, Inc.*, 930 F.3d 1295, 1304 (Fed. Cir. 2019). Furthermore, unlike the ZapFraud claims which merely invoke a generic computer "as a tool" to execute the claimed abstract idea (*see* D.I. 21 at 15), the *Koninklijke, Finjan, Data Engine Techs.*, and *Gracenote* claims recited specific improvements to the functionality of the operative claim device or system. *See, e.g., Koninklijke KPN N.V. v. Gemalto M2M GmbH*,

942 F.3d 1143, 1151 (Fed. Cir. 2019) (claim recites an improved "error checking device"); *Finjan, Inc. v. Blue Coat Sys., Inc.*, 879 F.3d 1299, 1304-05 (Fed. Cir. 2018) (claim recites an improved behavior-based virus scanning method "employ[ing] a new kind of file"); *Data Engine Techs. LLC v. Google LLC*, 906 F.3d 999, 1005 (Fed. Cir. 2018) (claim recites an improved "method of representing a three-dimensional spreadsheet on a screen display"); *Gracenote, Inc. v. Free Stream Media Corp.*, C.A. 18-1608-RGA, 2019 WL 5684491, at *4 (D.Del., Nov. 1, 2019) (claim recites an "improvement to the functionality of the television or other multimedia playback device").

|  |  |
|---|---|
| | */s/ David M. Fry* |
| | Karen E. Keller (No. 4489) |
| | David M. Fry (No. 5486) |
| | Nathan R. Hoeschen (No. 6232) |
| OF COUNSEL: | SHAW KELLER LLP |
| Katherine Vidal | I.M. Pei Building |
| Michael R. Rueckheim | 1105 North Market Street, 12th Floor |
| WINSTON & STRAWN LLP | Wilmington, DE 19801 |
| 275 Middlefield Road, Suite 205 | (302) 298-0700 |
| Menlo Park, CA 94025 | kkeller@shawkeller.com |
| (650) 858-6500 | dfry@shawkeller.com |
| | nhoeschen@shawkeller.com |
| William M. Logan | *Attorneys for Defendant* |
| WINSTON & STRAWN LLP | |
| 1111 Louisiana Street, 25th Floor | |
| Houston, TX 77002-5242 | |
| (713) 651-2766 | |

Dated: January 10, 2020

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that this motion complies with the Court's standing orders regarding briefing because it was prepared in 14-point Times New Roman font and contains 477 words.

*/s/ David M. Fry*
David M. Fry (No. 5486)
*Attorney for Defendant*
