# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| ZAPFRAUD, INC., | |
| Plaintiff, | Civil Action No. 19-cv-1691-CFC |
| v. | |
| PROOFPOINT, INC., | **JURY TRIAL DEMANDED** |
| Defendant. | |

## ZAPFRAUD, INC.'S OPPOSITION TO
## DEFENDANT'S MOTION TO TRANSFER VENUE

*Of Counsel:*
Jonas McDavit
Wen Xue
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
Telephone: 212-351-3400
Facsimile: 212-351-3401
jmcdavit@desmaraisllp.com
wxue@desmaraisllp.com

Dated: February 20, 2020

Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
FARNAN LLP
919 North Market St., 12th Floor
Wilmington, DE 19801
Telephone: 302-777-0300
Facsimile: 302-777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Plaintiff ZapFraud, Inc.*

# **TABLE OF CONTENTS**

I.    INTRODUCTION ...........................................................................1

II.   NATURE AND STAGE OF THE PROCEEDINGS ......................................1

III.  SUMMARY OF THE ARGUMENT .................................................2

IV.   STATEMENT OF FACTS ..............................................................2

V.    LEGAL STANDARDS .................................................................3

VI.   ARGUMENT...............................................................................4

      A.    The Private *Jumara* Factors Do Not Support Transfer. ........................5

            1.    Plaintiff's Choice Of Forum Is A "Paramount
                  Consideration." ..............................................................5

            2.    Proofpoint's Preferred Forum Carries Little Weight In
                  This Analysis..............................................................6

            3.    ZapFraud's Infringement Claim Arose In This District,
                  Not Solely In The Northern District Of California....................7

            4.    Proofpoint Has Not Demonstrated That This District Is
                  Inconvenient. ..............................................................8

            5.    Proofpoint Has Not Demonstrated That This Forum Is
                  Inconvenient For Any Particular Witness...............................11

            6.    The Location Of Books And Records Does Not Compel
                  Transfer. .................................................................14

      B.    The Public *Jumara* Factors Do Not Support Transfer. ......................15

            1.    Enforceability Of Judgment Is Neutral. ...................................15

            2.    Practical Considerations Strongly Disfavor Transfer. .............15

3.    Relative Administrative Difficulty Due To Court Congestion Is Neutral. .............................................................17

4.    Delaware Has As Much, If Not More, Interest In Deciding This Controversy As The Northern District of California. ..................................................................................18

5.    Delaware's Public Policy Disfavors Transfer...........................20

6.    Familiarity Of The Trial Judges With Applicable State Law Is Neutral..........................................................................20

VII.    CONCLUSION.............................................................................20

# TABLE OF AUTHORITIES

## Cases

*Abbott Labs v. Roxane Labs., Inc.*,
No. 12-cv-457-RGA-CJB, 2013 WL 2322770 (D. Del. May 28, 2013).......19

*ADE Corp. v. KLA-Tencor Corp.*,
138 F. Supp. 2d 565 (D. Del. 2001) ...................................................... 8, 13

*Affymetrix, Inc. v. Synteni, Inc.*,
28 F. Supp. 2d 192 (D. Del. 1998) ...................................................... 11, 13

*AIP Acquisition LLC v. iBasis, Inc.*,
No. 12-cv-616-GMS, 2012 WL 5199118 (D. Del. Oct. 19, 2012) ..............16

*Angiodynamics, Inc. v. Vascular Solutions, Inc.*,
No. 09-cv-554-JJF, 2010 WL 3037478 (D. Del. July 30, 2010)..................15

*Applied Predictive Techs., Inc. v. MarketDial, Inc.*,
No. 18-cv-963-CFC, 2019 WL 2745724 (D. Del. Jul. 1, 2019) ...... 11, 17, 20

*Blackbird Tech LLC v. Cloudflare, Inc.*,
No. 17-cv-283-MSG, 2017 WL 4543783 (D. Del. Oct. 11, 2017) ................6

*C.R. Bard, Inc. v. Angiodynamics, Inc.*,
156 F. Supp. 3d 540 (D. Del. 2016) ...........................................................14

*CNH Am. LLC v. Kinzenbaw*,
No. 08-cv-945-GMS, 2009 WL 3737653 (D. Del. Nov. 9, 2009) .................6

*Contour IP Holding, LLC v. GoPro, Inc.*,
No. 15-cv-1108-LPS-CJB, 2017 WL 3189005 (D. Del. July 6, 2017).........10

*Elm 3DS Innovations LLC v. SK Hynix Inc.*,
No. 14-cv-1432-LPS-CJB, 2015 WL 4967139 (D. Del. Aug. 20,
2015) ..........................................................................................................12

*Genedics, LLC v. Meta Co.*,
No. 17-cv-1062-CJB, 2018 WL 417950 (D. Del. Jan. 12, 2018) ................14

*Graphics Props. Holdings Inc. v. Asus Comput. Int'l, Inc.*,
964 F. Supp. 2d 320 (D. Del. 2013) ...........................................................10

*Helicos Biosciences Corp. v. Illumina, Inc.*,
    858 F. Supp. 2d 367 (D. Del. 2012) ............................................................18

*Human Genome Scis., Inc. v. Genentech, Inc.*,
    No. 11-cv-082-LPS, 2011 WL 2911797 (D. Del. July 18, 2011) ............ 4, 10

*Illumina, Inc. v. Complete Genomics, Inc.*,
    No. 10-cv-649-RFK, 2010 WL 4818083 (D. Del. Nov. 9, 2010) ................13

*In re Hoffman-La Roche Inc.*,
    587 F.3d 1333 (Fed. Cir. 2009) ....................................................................19

*In re Link_A_Media Devices Corp.*,
    662 F.3d 1221 (Fed. Cir. 2011) .................................................................5, 6

*In re Nintendo Co., Ltd.*,
    589 F.3d 1194 (Fed. Cir. 2009) ....................................................................19

*Intellectual Ventures I LLC v. Altera Corp.*,
    842 F. Supp. 2d 744 (D. Del. 2012) ..................................................... passim

*Intellectual Ventures I LLC v. Checkpoint Software Techs. Ltd.*,
    797 F. Supp. 2d 472 (D. Del. 2011) ...........................................................4, 6

*Intuitive Surgical, Inc. v. Auris Health, Inc.*,
    No. 18-cv-1359-MN, 2019 WL 2327659 (D. Del. May 31, 2019) ...... 7, 8, 20

*IpVenture, Inc. v. Acer, Inc.*,
    879 F. Supp. 2d 426 (D. Del. 2012) ................................................. 16, 17, 19

*Jumara v. State Farm Ins. Co.*,
    55 F.3d 873 (3d Cir. 1995) ................................................................. passim

*Papst Licensing GmbH & Co. KG v. Lattice Semiconductor Corp.*,
    126 F. Supp. 3d 430 (D. Del. 2015) ..............................................................5

*Rosebud LMS, Inc. v. Salesforce.com, Inc.*,
    No. 17-cv-1712-CFC, 2018 WL 6061343 (D. Del. Nov. 20, 2018) ... 4, 8, 14, 20

*Round Rock Research, LLC v. Dell, Inc.*,
    904 F. Supp. 2d 374 (D. Del. 2012) ............................................................20

*Schubert v. Cree, Inc.*,
No. 12-cv-922-GMS, 2013 WL 550192 (D. Del. Feb. 14, 2013) ................16

*Shutte v. Armco Steel Corp.*,
431 F.2d 22 (3d Cir. 1970) ..................................................... 3, 4, 5

*Signal Tech, LLC v. Analog Devices, Inc.*,
No. 11-cv-1073-RGA, 2012 WL 1134723 (D. Del. Apr. 3, 2012) ..............16

*Smart Audio Techs., LLC v. Apple, Inc.*,
910 F. Supp. 2d 718 (D. Del. 2012) ................................................. 11, 16, 18

*Teleconference Sys. v. Proctor & Gamble Pharm., Inc.*,
676 F. Supp. 2d 321 (D. Del. 2009) ...............................................9

*Tessera, Inc. v. Sony Elecs., Inc.*,
No. 10-cv-838-RMB, 2012 WL 1107706 (D. Del. Mar. 30, 2012) ....... 10, 11

*Ultravision Techs., LLC v. RMG Networks Holding Corp.*,
No. 18-cv-1333-CFC, 2019 WL 1985110 (D. Del. May 6, 2019)...............17

*Verint Sys., Inc. v. CallCopy, Inc.*,
No. 12-cv-562-GMS, 2013 WL 5338008 (D. Del. Sept. 23, 2013)...............7

*VLSI Tech. LLC v. Intel Corp.*,
No. 18-cv-966-CFC, 2018 WL 5342650 (D. Del. Oct. 29, 2018) .............7, 8

*Williamsburg Furniture, Inc. v. Lippert Components, Inc.*,
No. 19-cv-1993-CFC, 2020 WL 331119 (D. Del. Jan. 21, 2020)......... passim

## Statutes

28 U.S.C. § 1404 ........................................................... 1, 3, 4

## I.    INTRODUCTION

There is no basis to transfer this action.  The patentee and the accused infringer are Delaware corporate citizens.  Proofpoint Inc. ("Proofpoint") advertises and markets the accused products nationwide, including in Delaware.  Indeed, Proofpoint highlights Delaware corporate citizens that use and enjoy the accused products.  Proofpoint ignores those connections and presents no evidence that any single imagined harm would be different had this case been brought in any other judicial district, including the Northern District of California.  ZapFraud had a rational basis to file in this District, its forum choice is paramount, and the Court should deny Proofpoint's motion.

## II.    NATURE AND STAGE OF THE PROCEEDINGS

On September 10, 2019, ZapFraud asserted that Proofpoint (and others) infringe U.S. Patent No. 10,277,628 (the "'628 patent").  (D.I. 1.)  On October 17, 2019, ZapFraud amended its complaint because the Patent Office corrected typographical errors in claims 14 and 15 of the '628 patent.  (D.I. 10.)  On February 5, 2020, Proofpoint moved to transfer under 28 U.S.C. § 1404 (a).  (D.I. 19–22.)

## III.    SUMMARY OF THE ARGUMENT

The parties are Delaware corporations.  Proofpoint markets and sells the Accused Products[1] nationwide, and promotes its past sales of those products to Delaware corporate citizens.  Considering the six *Jumara*[2] "private" transfer factors, one strongly disfavors transfer (plaintiff's choice of forum), one slightly disfavors transfer (convenience of the parties), one slightly favors transfer (defendant's preferred forum), and the remaining three factors are essentially neutral.  Likewise, the six "public" *Jumara* transfer factors do not support transfer: two factors disfavor transfer (practical considerations and public policy of the fora) and the remaining four are neutral.  None of the *Jumara* factors (alone or collectively) outweigh the **paramount** consideration afforded to the plaintiff's choice of forum.  Consequently, the Court should deny Proofpoint's motion.

## IV.    STATEMENT OF FACTS

This case concerns Proofpoint's infringement of the '628 patent. The '628 patent generally relates to a system, method, and computer program for detecting fraud or phishing attempts in email communications.  (D.I. 1 ¶ 21.)  Proofpoint has directly and indirectly infringed one or more claims of the '628 patent by making,

---

[1] The Accused Products are Proofpoint Email Protection, Email Fraud Defense, and Proofpoint Essential (the "Accused Products").  (D.I. 1 ¶¶ 26–30.)
[2] *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995).

using, selling, offering for sale, and/or importing into the United States the Accused Products.  (D.I. 1 ¶¶ 26–30.)

ZapFraud and Proofpoint are both Delaware corporations.  (D.I. 1 ¶¶ 4–5.) Inventor and current-president Dr. Markus Jakobsson founded ZapFraud in 2014. (Declaration of Bjorn Markus Jakobsson ("Jakobsson Decl.") ¶ 1.)  Proofpoint is headquartered in Sunnyvale, CA, and operates nationwide, including in Colorado, Pennsylvania, Utah, Indiana, and Virginia.  (D.I. 20 at 4; Ex. 1[3] (Proofpoint website listing Proofpoint office locations).)  Proofpoint markets and sells the Accused Products nationwide and promotes its sales of the Accused Products to, among others, Westinghouse Electric, a Delaware corporation.   (Ex. 2 (Proofpoint's corporate website).)

## V.    LEGAL STANDARDS

"For the convenience of the parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district or division where it might have been brought."   28 U.S.C. § 1404 (a).   The moving party must demonstrate that a "balancing of proper interests weigh[s] in favor of the transfer." *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970).  "[U]nless the balance of convenience of the parties is ***strongly*** in favor of defendant, the plaintiff's choice

---

[3] All exhibits referred to herein may be found in the concurrently-filed Declaration of Wen Xue ("Xue Decl.")

of forum should prevail." *Shutte*, 431 F.2d at 25 (emphasis added); *see also Intellectual Ventures I LLC v. Checkpoint Software Techs. Ltd.*, 797 F. Supp. 2d 472, 477 (D. Del. 2011) ("Unless the defendant 'is truly regional in character'—that is, it operates essentially exclusively in a region that does not include Delaware—transfer is almost always inappropriate.").

Courts evaluate twelve factors when considering a §1404 motion to transfer. *Jumara*, 55 F.3d at 879 (3d Cir. 1995) (identifying the factors relevant to the motion to transfer analysis). Each factor may have a different impact, with some carrying greater weight than others. *See, e.g.*, *Shutte*, 431 F.2d at 25 (holding that the plaintiff's choice of forum is accorded "paramount consideration"); *Rosebud LMS, Inc. v. Salesforce.com, Inc.*, No. 17-cv-1712-CFC, 2018 WL 6061343 at *6 (D. Del. Nov. 20, 2018) (finding that technological advances have reduced the weight accorded certain *Jumara* factors); *Human Genome Scis., Inc. v. Genentech, Inc.*, No. 11-cv-082-LPS, 2011 WL 2911797 at *7 (D. Del. July 18, 2011) (same). This Court will deny transfer "if the factors are evenly balanced or weigh only slightly in favor of transfer." *Checkpoint*, 797 F. Supp. 2d at 477 (citations omitted).

## VI.    ARGUMENT

Proofpoint does not dispute venue or jurisdiction in this District; rather, it prefers to litigate this case in the Northern District of California. While ZapFraud agrees that it could have filed this action in that district, it has (and had) a rational

basis to bring this suit here. None of Proofpoint's proffered reasons for transfer outweigh that choice. The Court should deny Proofpoint's motion.

**A.    The Private *Jumara* Factors Do Not Support Transfer.**

**1.    Plaintiff's Choice Of Forum Is A "Paramount Consideration."**

"[A] plaintiff's choice of a proper forum is a ***paramount consideration*** in any determination of a transfer request, and that choice…should not be lightly disturbed.'" *Shutte*, 431 F.2d at 25 (emphasis added). Delaware is the proper forum for this dispute. Both ZapFraud and Proofpoint are Delaware entities; Proofpoint markets and sells the Accused Products to Delaware ctizens (Ex. 2.), and several other Delaware entities infringe the same patent. *See* Case Nos. 19-1687, -1688, -1690[4]. ZapFraud had a rational basis to choose this forum and that choice is entitled to paramount consideration.

Proofpoint's cited cases do not compel a different result. (D.I. 20 at 9 (citing *Papst Licensing GmbH & Co. KG v. Lattice Semiconductor Corp.*, 126 F. Supp. 3d 430 (D. Del. 2015); *Williamsburg Furniture, Inc. v. Lippert Components, Inc.*, No. 19-cv-1993-CFC, 2020 WL 331119 (D. Del. Jan. 21, 2020); *In re Link_A_Media Devices Corp.*, 662 F.3d 1221 (Fed. Cir. 2011).) In those cases, other factors strongly outweighed the plaintiff's choice of forum. *Papst*, 126 F. Supp. 3d 430

---

[4] *ZapFraud, Inc. v. Barracuda Networks, Inc*.; *ZapFraud, Inc. v. FireEye, Inc.*; *ZapFraud, Inc. v. Mimecast et al.* respectively.

(finding that while any one or two factors favoring transfer is insufficient, having six factors favoring transfer strongly outweighed the plaintiff's choice of forum); *Williamsburg*, 2020 WL 331119 (finding that the four factors favoring transfer outweighed the paramount consideration given to plaintiff's choice of forum); *Link_A_Media*, 662 F.3d 1221 (directing transfer after finding the plaintiff's choice of forum should have been outweighed by several private and public factors favoring transfer).  That is not the case here.

### 2.    Proofpoint's Preferred Forum Carries Little Weight In This Analysis.

Proofpoint's forum preference "is not sufficient to displace the plaintiff's own choice of venue."  *CNH Am. LLC v. Kinzenbaw*, No. 08-cv-945-GMS, 2009 WL 3737653 at *2 (D. Del. Nov. 9, 2009).  In fact, a defendant's choice of forum "is entitled to considerably less weight than [p]laintiff's preference."  *Blackbird Tech LLC v. Cloudflare, Inc.*, No. 17-cv-283-MSG, 2017 WL 4543783, at *6 (D. Del. Oct. 11, 2017).  That Proofpoint has a residence in the Northern District of California is "more properly addressed in connection with other private *Jumara* factors".  *Checkpoint*, 797 F. Supp. 2d at 480–81.  Thus, Proofpoint's preference is "entitled to little weight." *Id.* at 481.

6

### 3.    ZapFraud's Infringement Claim Arose In This District, Not Solely In The Northern District Of California.

Proofpoint sells the Accused Products nationwide.  (Ex. 2.)  And because Proofpoint "operates on a national level…the infringement can be viewed as occurring in all districts." *Verint Sys., Inc. v. CallCopy, Inc.*, No. 12-cv-562-GMS, 2013 WL 5338008 at *2 (D. Del. Sept. 23, 2013).

Proofpoint contends that this factor strongly favors transfer because (1) ZapFraud identified a relevant event occurring in California in its complaint and (2) Proofpoint performed a portion of the research and development of the Accused Products in the Northern District of California.  (D.I. 20 at 10.)  But neither contention justifies transfer.  The fact that some events occurred in the proposed transferee forum does not mandate transfer, particularly where relevant events have also occurred *outside* the proposed transferee forum, such as the infringing acts.  *See, e.g.*, *Intuitive Surgical, Inc. v. Auris Health, Inc.*, No. 18-cv-1359-MN, 2019 WL 2327659 at *2 (D. Del. May 31, 2019) (finding this factor neutral and not transferring the case where relevant events such as infringing conduct occurred outside the proposed transferee forum, even if the majority of relevant events took place in the proposed transferee forum); *VLSI Tech. LLC v. Intel Corp.*, No. 18-cv-966-CFC, 2018 WL 5342650 at *6 (D. Del. Oct. 29, 2018) ([P]atent claims arise *wherever* the allegedly infringing products are sold.") (emphasis added).  In particular, research and development has minimal effect on the transfer analysis where, as here, those

efforts are not exclusive to the proposed transferee forum.[5] *Intuitive Surgical*, 2019 WL 2327659 at *2; *VLSI*, 2018 WL 5342650 at *6 (denying transfer and noting that R&D relating to the accused product occurred in and outside the proposed forum). In light of the foregoing, this factor is neutral.

### 4.    Proofpoint Has Not Demonstrated That This District Is Inconvenient.

With respect to convenience of the parties, Proofpoint, as a Delaware-incorporated company, carries a heavy burden of "prov[ing] that litigating in Delaware would pose a unique or unusual burden on its operations." *Rosebud*, 2018 WL 6061343 at *4; *see ADE Corp. v. KLA-Tencor Corp.*, 138 F. Supp. 2d 565, 573 (D. Del. 2001) ("[A]bsent some showing of a unique or unexpected burden, a company should not be successful in arguing that litigation in its state of incorporation is inconvenient."). If the movant fails to show inconvenience—as is the case here—this factor is typically neutral, and may disfavor transfer. *See, e.g., VLSI*, 2018 WL 5342650 at *7 (finding this factor neutral where both fora appeared equally convenient for the non-moving party and the moving party failed to show the current forum was inconvenient); *Williamsburg*, 2020 WL 331119 at *4-5 (finding that the movant's failure to establish inconvenience weighed this factor

---

[5] Proofpoint concedes that at most only two of the three Accused Products were engineered in the Northern District of California (D.I. 20 at 10), and that the research and development team for the third Accused Product primarily works in Colorado. (D.I. 21 ¶ 5).

against transfer even though neither party had a physical presence in Delaware, both parties were headquartered in the proposed transferee district, no claims arose in Delaware, and no third-parties were identified in Delaware).

Proofpoint does not claim that litigating in Delaware is particularly burdensome; instead, Proofpoint contends that "transferring the case would benefit the vast majority of the witnesses located in the Northern District of California." (D.I. 20 at 12.)  Proofpoint cites no evidence to support that attorney argument, and Proofpoint's cited case law is inapposite.  (*Id.* at 11 (citing *Teleconference Sys. v. Proctor & Gamble Pharm., Inc.*, 676 F. Supp. 2d 321 (D. Del. 2009)).)  Although the *Teleconference* Court addressed the location of identified witnesses under the umbrella topic of "Convenience of the Parties and Witnesses and the Location of Relevant Evidence" (*Teleconference*, 676 F. Supp. 2d at 331), subsequent cases analyzing the *Jumara* factors individually have clearly established that "the convenience of the parties factor is generally measured by the ***parties'*** 'relative physical and financial condition,'" ***not*** the convenience of party witnesses. *Intellectual Ventures I LLC v. Altera Corp.*, 842 F. Supp. 2d 744, 756 (D. Del. 2012). Furthermore, Delaware corporations like Proofpoint "must expect an uphill climb [to prove] that it is…'inconvenient' to defend its actions in the forum in which the corporation has freely chosen to create itself."). *Id.*

Insofar as Proofpoint suggests that litigation in Delaware would inconvenience its employees by requiring them to travel for trial,[6] such inconvenience is highly speculative at best—particularly because it is unclear whether any employee will be required at trial. *Human Genome*, 2011 WL 2911797 at *7 (noting that the likelihood that few case events would occur in Delaware and technological advances allowing traveling employees to easily interact with their office while away weighed against transfer). Nor would Proofpoint, a Delaware corporation with over $888 million in 2019 revenue (Ex. 4), encounter a "meaningful financial or logistical burden" litigating here. *Contour IP Holding, LLC v. GoPro, Inc.*, No. 15-cv-1108-LPS-CJB, 2017 WL 3189005 at *10 (D. Del. July 6, 2017). Finally, Proofpoint contends that transfer would be convenient for ZapFraud. (D.I. 20 at 12.) But the "best indicator of a plaintiff's own convenience is the plaintiff's own choice of forum." *Tessera, Inc. v. Sony Elecs., Inc.*, No. 10-cv-838-RMB, 2012 WL 1107706 at *4 (D. Del. Mar. 30, 2012). ZapFraud brought this lawsuit in this forum and is willing to proceed here. Jakobsson Decl. ¶ 2.

---

[6] The Court need not give weight to any alleged inconvenience due to ***pre-trial*** proceedings; any alleged inconvenience would be the same to those witnesses whether the litigation proceeded here or elsewhere. *See, e.g. Graphics Props. Holdings Inc. v. Asus Comput. Int'l, Inc.*, 964 F. Supp. 2d 320, 328–29 (D. Del. 2013) ("[R]egardless of the trial venue, most of the discovery [in a patent case involving a California-based defendant] will take place in California or other locations mutually agreed to by the parties.")

Proofpoint, given its incorporation, significant size, and financial strength, cannot demonstrate inconvenience. Rather, it prefers to litigate in the Northern District of California, which has been accounted for (*Jumara* factor 2). This factor disfavors transfer.

### 5. Proofpoint Has Not Demonstrated That This Forum Is Inconvenient For Any Particular Witness.

This factor considers the convenience of witnesses "***only to the extent that the witnesses may actually be unavailable for trial*** in one of the fora." *Jumara*, 55 F.3d at 879 (emphasis added); *see Smart Audio Techs., LLC v. Apple, Inc.*, 910 F. Supp. 2d 718, 732 (D. Del. 2012) (applying this factor only insofar as "a witness actually will refuse to testify absent a subpoena"). The movant bears the burden of showing "both the unavailability of a particular witness and that witness' importance to the defendant's case." *Sony Elecs.*, 2012 WL 1107706 at *6. Moreover, this factor concerns the convenience of third-parties, not party-employees, because "each party is able, indeed, obligated to procure the attendance of its own employees for trial." *Williamsburg*, 2020 WL 331119 at *5 (quoting *Affymetrix, Inc. v. Synteni, Inc.*, 28 F. Supp. 2d 192, 203 (D. Del. 1998)). This factor is typically neutral where—as is the case here—"[n]othing in the parties' filings suggests that anyone…would be unwilling to testify at trial in Delaware…even though neither party has identified a witness who resides in Delaware." *Applied Predictive Techs., Inc. v. MarketDial, Inc.*, No. 18-cv-963-CFC, 2019 WL 2745724 at *4 (D. Del. Jul. 1, 2019).

11

Proofpoint identifies three possible third-party witnesses under this factor, but Proofpoint has not demonstrated that any would be required to attend trial or that this forum would be inconvenient for those witnesses. Proofpoint identifies third-party William Mabry Tyson (D.I. 20 at 12-13). Proofpoint represents that he has knowledge of the authorship of an alleged prior art reference. (D.I. 20 at 13.) But even if that fact was disputed, there is no basis to believe he would be required to attend trial.[7] Proofpoint then identifies patent prosecutors Robyn Wagner and Yue-Ting George Cheng. (D.I. 20 at 13.) Proofpoint alleges that those individuals have knowledge "relevant to Proofpoint's defense," but does not identify what knowledge might be required at trial or how any such knowledge would be relevant to any issue in this case. (D.I. 20 at 13)[8]. Critically, Proofpoint has not (and cannot) demonstrate why any third-party witness would be necessary **for trial**, nor does/can Proofpoint contend that any of the above witnesses would be unavailable to attend trial should that prove necessary. *See, e.g.*, *Elm 3DS Innovations LLC v. SK Hynix Inc.*, No. 14-cv-1432-LPS-CJB, 2015 WL 4967139 at *8 (D. Del. Aug. 20, 2015) ("[T]he movant must provide specificity as to…what reason there is to think that the person will 'actually' be unavailable for trial."); *Altera*, 842 F. Supp. 2d at 757-58 ("If this case

---

[7] Insofar as Mr. Tyson's testimony is about "the general state of the art," that testimony is akin to that of an expert witness and carries "little weight in determining where the 'balance of convenience' lies." *Altera Corp.*, 842 F. Supp. 2d at 757.

[8] Proofpoint has not answered ZapFraud's complaint and thus has not pleaded any defenses.

turns out to be one of the statistically rare cases to go to trial, it is always possible, if not likely, that third-party fact witnesses…will voluntarily appear at trial.").

Finally, contrary to Proofpoint's assertions[9], that alleged third-party witnesses may be outside the Court's subpoena power is not dispositive. *See Altera*, 842 F. Supp. 2d at 757–58 (rejecting the argument that "the touchstone for witness availability is whether a witness is within the court's subpoena power"); *ADE Corp.*, 138 F. Supp. 2d at 570 ("Previous decisions in this court have suggested that the better approach is to recognize that witnesses have and will appear here without having to be subpoenaed.") Proofpoint has not met its burden to demonstrate that this forum is not convenient to any potential third-party witness. This factor is neutral, or, at most, only slightly favors transfer.

---

[9] None of the cases Proofpoint cites compels a contrary result.. (D.I. 12 (citing *Affymetrix* (28 F. Supp. 2d 192) and *Illumina, Inc. v. Complete Genomics, Inc.* (No. 10-cv-649-RFK, 2010 WL 4818083 (D. Del. Nov. 9, 2010))).) In *Affymetrix*, though the Court noted that "[i]t is ***desirable*** to hold trial where the personal attendance of witnesses through the use of subpoena power can be reasonably assured," it did not find that such subpoena power was ***necessary***. *Affymetrix*, 28 F. Supp. 2d at 205 (citations omitted) (emphasis added). Furthermore, *Affymetrix* is distinguishable as, unlike the present litigation, the relevant third-party witnesses indicated that they were unwilling to testify in Delaware. *Id.* at 204. In *Illumina*, the Court's predicated its transfer decision on the combined weight of several factors, not least of which was that the infringing activity was only alleged to have occurred in the transferee district. *Illumina*, 2010 WL 4818083 at *7.

6.     **The Location Of Books And Records Does Not Compel Transfer.**

The court may consider "the location of books and records (similarly *limited to the extent that the files could not be produced in the alternative forum*)." *Jumara*, 55 F.3d at 879 (emphasis added). This factor carries minimal weight where there is no evidence that production would be impossible or even difficult. *See, e.g.*, *Genedics, LLC v. Meta Co.*, No. 17-cv-1062-CJB, 2018 WL 417950 at *7 (D. Del. Jan. 12, 2018) (finding no "significant impact in the overall calculus" where there was "no suggestion that any of this evidence would be difficult to produce in Delaware for trial"); *Rosebud*, 2018 WL 6061343 at *6 (giving this factor minimal weight in light of technological advances reducing the burden of production and "the Third Circuit's instruction in *Jumara* to focus on whether the records in question cannot be produced"); *C.R. Bard, Inc. v. Angiodynamics, Inc.*, 156 F. Supp. 3d 540, 546 (D. Del. 2016) (finding that "virtually all businesses maintain their books and records in electronic format readily available for review and use at any location").

Proofpoint argues this factor favors transfer because it expects that "any potentially relevant evidence will likely come from [the Northern District of California]." (D.I. 20 at 14.) Notably, Proofpoint does not represent that the only relevant evidence is in that district and cannot foreclose the possibility that evidence is located elsewhere, for example in its Colorado facility. (D.I. 20 at 14). But even assuming that potentially relevant evidence only sits in the Northern District of

California, Proofpoint does not suggest that production of these documents would be more burdensome, let alone impossible, should this action proceed in Delaware; indeed, Proofpoint would be under the same discovery obligations and would perform the same activities *regardless of the forum*. Proofpoint also identifies two third-parties, Agari and PayPal, as potential sources of evidence, but does not elaborate why this forum presents any more burden for them than anywhere else, including Northern California.[10] Given the nature of the Accused Products and the technology at issue in this action, there is no reason to assume that this factor favors transfer, or that the relevant evidence would be unavailable in Delaware.[11]

### B.    The Public *Jumara* Factors Do Not Support Transfer.

#### 1.    Enforceability Of Judgment Is Neutral.

Proofpoint and ZapFraud agree that this factor is neutral.

#### 2.    Practical Considerations Strongly Disfavor Transfer.

The Court accounts for "practical considerations that could make the trial easy, expeditious, or inexpensive." *Jumara*, 55 F.3d at 879. "One such

---

[10] Agari and PayPal are Delaware corporations (Ex. 6, 7) and those entities are subject to this Court's subpoena power should that be necessary.

[11] Proofpoint cites the *Angiodynamics* case for this factor. (D.I. 20 at 14 (citing *Angiodynamics, Inc. v. Vascular Solutions, Inc.*, No. 09-cv-554-JJF, 2010 WL 3037478 (D. Del. July 30, 2010)).) Though the Court transferred that case, it did so despite concluding that this factor weighed *against* transfer. *Angiodynamics*, 2010 WL 3037478 at *3-4 ("There is no indication that the evidence would be unavailable in Delaware, and accordingly, the Court concludes that this factor does not favor transfer.").

consideration is the existence of related lawsuits." *Smart Audio*, 910 F. Supp. 2d at 732. All of ZapFraud's patent infringement claims are pending in this District. (D.I. 1 in case Nos. 19-1687, -1688, -1690, -1691). Under such circumstances "practical considerations favor keeping these cases here rather than transferring them." *Altera*, 842 F. Supp. 2d at 759; *see, e.g.*, *Schubert v. Cree, Inc.*, No. 12-cv-922-GMS, 2013 WL 550192 at *5 (D. Del. Feb. 14, 2013) (practical considerations strongly weigh against transfer where related cases are currently pending before the Court); *AIP Acquisition LLC v. iBasis, Inc.*, No. 12-cv-616-GMS, 2012 WL 5199118 at *5 (D. Del. Oct. 19, 2012) (finding that two pending cases involving the same plaintiff and patents "could minimize costs to the judicial system as a whole, by requiring that only one court become familiar with the relevant technology.").

Notwithstanding the benefit of co-location, Proofpoint claims that the concurrent litigations should not weigh against transfer because the parallel cases "are in the very early stages." (D.I. 20 at 15-16.) But whether true or not, there is no support for that proposition, and Proofpoint's own cited cases contradict that conclusion. *See Signal Tech, LLC v. Analog Devices, Inc.*, No. 11-cv-1073-RGA, 2012 WL 1134723 at *4 (D. Del. Apr. 3, 2012) (noting that having lawsuits consolidated under one judge "implicates the public interest in the efficient disposition of litigation"); *IpVenture, Inc. v. Acer, Inc.*, 879 F. Supp. 2d 426, 433-4

(D. Del. 2012) (concluding that "co-pending litigation" weighed ***against*** transferring the case and transferring the case ***despite*** that factor weighing against transfer).

Proofpoint also attempts to analogize to other cases where the parties had no connections to Delaware other than incorporation. (D.I. 20 at 15 (citing to *Applied Predictive*, 2019 WL 2745724; *Ultravision Techs., LLC v. RMG Networks Holding Corp.*, No. 18-cv-1333-CFC, 2019 WL 1985110 (D. Del. May 6, 2019); *Williamsburg*, 2020 WL 331119 (finding this factor favored transfer where only the movant was incorporated in Delaware)).) But those cases are inapposite; Proofpoint has extensive ties to this District in addition to its incorporation here—it sells the Accused Products here, and it promotes its sales of the Accused Products to Delaware citizens. (Ex. 2.) This factor strongly disfavors transfer.

### 3. Relative Administrative Difficulty Due To Court Congestion Is Neutral.

Proofpoint argues this factor should weigh in favor of transfer, citing to the Federal Judicial Caseload Statistics. (D.I. 20 at 16-17.) However, those statistics, which encompass a court's civil and criminal docket, provide little guidance as to how this particular patent litigation case will proceed. *See IpVenture v. Acer*, 879 F. Supp. 2d at 436 ("[T]he meaningful comparison involves patent cases, not civil cases in general.") Furthermore, those statistics do not reflect patent litigation cases. Specific to patent litigation, the average time to claim construction was only marginally different between the two districts—941 days in Delaware compared to

878 days in the Northern District of California—despite the fact that the District of Delaware had over three times as many cases proceed to claim construction compared to the Northern District of California. (Ex. 5.) Similarly, in 2018[12] the average time to trial in Delaware for patent litigation cases was 1,529 days in Delaware compared to 2,050 days in the Northern District of California.

Given that the relevant figures regarding caseload are at best ambiguous, this factor is neutral.[13]

### 4.    Delaware Has As Much, If Not More, Interest In Deciding This Controversy As The Northern District of California.

Generally, "patent litigation does not constitute a local controversy." *Helicos Biosciences Corp. v. Illumina, Inc.*, 858 F. Supp. 2d 367, 375 (D. Del. 2012); *see Smart Audio*, 910 F. Supp. 2d at 734 (finding this factor neutral as a suit "brought against a multinational corporation, and concerning a product that is sold and used nationwide…is truly a national controversy").

Proofpoint argues this factor strongly favors transfer because this case allegedly "affects the reputations and work of [Proofpoint's] executives in [the

---

[12] Due to the significantly larger Northern District of California sample size in 2018 (29 cases) compared to in 2019 (6 cases), the 2018 statistics are more reliable.

[13] Proofpoint's citation to *BlackBird* is inapposite, as at the time that case was decided, half of Delaware's open judgeships were vacant—a fact noted by the Court. *BlackBird*, 2017 WL 4543783 at *11.

Northern District of California]," (D.I. 20 at 17), but this is unsupported argument.[14]

The Accused Products are sold and used nationwide, not merely in the Northern District of California—any such reputational harm would therefore be felt wherever this case was brought, and any District would have an interest in resolving this dispute. *See Verint*, 2013 WL 5338008 at *2 (finding that infringement can be viewed as occurring in all districts where the defendant operates on a national scale). Proofpoint's assertion that the "community of northern California has a unique interest," is similarly unsupported.[15] *See In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009) (finding that the citizens of one venue in a patent case concerning nationwide infringement "have no more or less of a meaningful connection to the case than any other venue").

Delaware has a substantial interest in adjudicating disputes between Delaware corporations, and its interest 'must be accorded at least equal weight to those of the

---

[14] Insofar as *In re Hoffman-La Roche Inc.* (587 F.3d 1333 (Fed. Cir. 2009)) suggests that merely asserting impact on the "work and reputation" of local employees is sufficient to establish local interest, that decision interprets the Fifth Circuit's transfer factors, and is not binding on this Court. *See IpVenture*, 879 F. Supp. 2d at 434 n. 5. And *Abbott Labs* is inapposite. (D.I. 22 at 19 (citing *Abbott Labs v. Roxane Labs., Inc.*, No. 12-cv-457-RGA-CJB, 2013 WL 2322770 (D. Del. May 28, 2013)).) There, Delaware had no local interest as **neither** relevant party was a Delaware corporation. *Abbott Labs*, 2013 WL 2322770 at *1, *26.

[15] The Northern District of California envelops a population of over 8 million people. (Xue Decl. ¶ 11.) Proofpoint alleges it has 922 employees in that District. (D.I. 21 ¶ 3.)

19

Northern District of California.'" *Intuitive Surgical*, 2019 WL 2327659 at *5 (citations omitted). This factor is neutral or weighs against transfer.

### 5. Delaware's Public Policy Disfavors Transfer.

Delaware's public policy encourages Delaware corporations to resolve their disputes in Delaware. *Round Rock Research, LLC v. Dell, Inc.*, 904 F. Supp. 2d 374, 378 (D. Del. 2012). And Delaware corporations "must expect an uphill climb" in seeking transfer out of this District. *Altera*, 842 F. Supp. 2d at 756. As such, this factor disfavors transfer. [16]

### 6. Familiarity Of The Trial Judges With Applicable State Law Is Neutral.

Proofpoint and ZapFraud agree that this factor is neutral.

## VII. CONCLUSION

For the foregoing reasons, ZapFraud respectfully requests that this Court deny Proofpoint's Motion to Transfer Venue.

---

[16] Proofpoint concedes that this factor disfavors transfer, but argues that it should not be given independent weight. (D.I. 20 at 18 (citing *Round Rock*, 904 F. Supp. 2d at 378). *Round Rock* did **not** grant movant's request for transfer, and recognized that "it was not unusual that a Delaware corporation should sue another corporation in a Delaware court, and is a factor that has some impact on the balancing." *Round Rock*, 904 F. Supp. 2d at 378. Recent decisions affirmed that principle, and considered this factor independently in cases where the litigating parties were both Delaware corporations. *E.g. Applied Predictive*, 2019 WL 2745724 at *5; *Intuitive Surgical*, 2019 WL 2327659 at *6.

Dated: February 20, 2020                Respectfully submitted,

                                        FARNAN LLP

                                        /s/ Brian E. Farnan
                                        Brian E. Farnan (Bar No. 4089)
                                        Michael J. Farnan (Bar No. 5165)
                                        919 North Market St., 12th Floor
                                        Wilmington, DE 19801
                                        Telephone: 302-777-0300
                                        Facsimile: 302-777-0301
                                        bfarnan@farnanlaw.com
                                        mfarnan@farnanlaw.com

                                        Jonas McDavit (admitted *pro hac vice*)
                                        Wen Xue (admitted *pro hac vice*)
                                        DESMARAIS LLP
                                        230 Park Avenue
                                        New York, NY 10169
                                        Telephone: 212-351-3400
                                        Facsimile: 212-351-3401
                                        jmcdavit@desmaraisllp.com
                                        wxue@desmaraisllp.com

                                        *Attorneys for Plaintiff ZapFraud, Inc.*