IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ZAPFRAUD, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 19-1691-CFC |
| | ) |
| PROOFPOINT, INC., | ) |
| | ) |
| Defendant. | ) |

**PROOFPOINT, INC.'S REPLY IN SUPPORT OF ITS MOTION TO
<u>TRANSFER VENUE UNDER 28 U.S.C. § 1404(a)</u>**

| | |
|---|---|
| | Karen E. Keller (No. 4489) |
| | David M. Fry (No. 5486) |
| | Nathan R. Hoeschen (No. 6232) |
| OF COUNSEL: | SHAW KELLER LLP |
| Katherine Vidal | I.M. Pei Building |
| Michael R. Rueckheim | 1105 North Market Street, 12th Floor |
| WINSTON & STRAWN LLP | Wilmington, DE 19801 |
| 275 Middlefield Road, Suite 205 | (302) 298-0700 |
| Menlo Park, CA 94025 | kkeller@shawkeller.com |
| (650) 858-6500 | dfry@shawkeller.com |
| | nhoeschen@shawkeller.com |
| William M. Logan | *Attorneys for Defendant* |
| WINSTON & STRAWN LLP | |
| 1111 Louisiana Street, 25th Floor | |
| Houston, TX 77002-5242 | |
| (713) 651-2766 | |

Dated: February 27, 2020

# **TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................... 1

II. ARGUMENT .................................................................................................. 1

    A. The totality of the factors outweigh ZapFraud's choice of forum ..................................................................................................... 1

    B. Proofpoint's choice of forum deserves substantive weight, favoring and transfer ................................................................................ 2

    C. The location of where the claims arose favors transfer .............. 3

    D. There are no Delaware conveniences that outweigh the California conveniences favoring transfer ................................... 5

    E. ZapFraud overlooks the relevance of and inconveniences to third parties that favor transfer ..................................................... 6

    F. The location of evidence in California, despite technological advances, favors transfer ............................................................. 7

    G. Overall, practical considerations favor transfer ......................... 8

    H. California faces less administrative congestion than Delaware, favoring transfer ......................................................................... 9

    I. The facts of this case tie the interest to the Northern District of California, favoring transfer ...................................................... 9

CONCLUSION ..................................................................................... 11

# **TABLE OF AUTHORITIES**

**Cases**

*Abbott Labs. v. Roxane Labs., Inc.*, C.A. No. 12-457-RGA-CJB,
   2013 WL 2322770 (D. Del. May 28, 2013) ..........................................................10

*C.R. Bard, Inc. v. Angiodynamics, Inc.*,
   156 F. Supp. 3d 540 (D. Del. 2016) .......................................................................8

*Genedics, LLC v. Meta Co.*, C.A. No. 17-1062-CJB,
   2018 WL 417950 (D. Del. Jan. 12, 2018) ..............................................................7

*Hertz Corp. v. Friend*,
   130 S. Ct. 1181 (2010) ...........................................................................................8

*In re Hoffman–La Roche Inc.*,
   587 F.3d 1333 (Fed.Cir.2009) ..............................................................................10

*In re Link_A_Media*,
   662. F.3d 1224 ........................................................................................................8

*Intellectual Ventures I LLC v. Checkpoint Software Techs. Ltd.*,
   797 F. Supp. 2d 472 (D. Del. June 22, 2011) ........................................................2

*Jumara v. State Farm Ins. Co.*,
   55 F.3d 873 (3d Cir. 1995) ............................................................................. 4, 11

*Minstar, Inc. v. Laborde*,
   626 F.Supp. 142 (D. Del. 1985) .............................................................................2

*Piper Aircraft Co. v. Reyno*,
   |454 U.S. 235 (1981)................................................................................................5

*Pragmatus AV, LLC v. Yahoo! Inc.*, C.A. No. 11-902-LPS-CJB,
   2012 WL 4889438 (D. Del. Oct. 15, 2012)............................................................3

*Qurio Holdings, Inc. v. DISH Network Corp.*, C.A. No. 15-CV-00930-HSG,
   2015 WL 4148962 (N.D. Cal. July 9, 2015) ........................................................10

*Rosebud LMS v. Salesforce.com, Inc.*, C.A. No. 17-1712-CFC,
   2018 WL 6061343 (D. Del. Nov. 20, 2018) ............................................................. 8

*Tessera, Inc. v. Broadcom Corp.*, Nos. 16-379-LPS-CJB & 16-380-LPS-CJB,
   2017 WL 1065865 (D. Del. Mar. 21, 2017) ........................................................ 3, 5

*Van Dusen v. Barrack*,
   376 U.S. 612 (1964) ................................................................................................ 8

*Verint Sys., Inc. v. CallCopy, Inc.*, C.A. No. 12-562-GMS,
   2013 WL 5338008 (D. Del. Sept. 23, 2013) ........................................................ 3, 9

*VLSI Tech. LLC v. Intel Corp.*, C.A. No. 18-966-CFC,
   2018 WL 5342650 (D. Del. Oct. 29, 2018) ............................................................. 4

*Williamsburg Furniture, Inc. v. Lippert Components, Inc.*,
   C.A. No. 19-1993-CFC, 2020 WL 331119 (D. Del. Jan. 21, 2020) .................... 1, 2

*Zimmer Holdings, Inc.*,
   609 F.3d 1378 (Fed. Cir. 2010) ............................................................................... 8

## Statutes

35 U.S.C. § 102 ............................................................................................................ 7

35 U.S.C. § 103 ............................................................................................................ 7

## I.     INTRODUCTION

The Court should transfer this dispute to the Northern District of California. Both parties are headquartered there, ZapFraud's CEO and named inventor lives there, relevant Proofpoint witnesses and evidence are located there, and non-party witnesses live there too. Indeed, ZapFraud pled a California-centric case by focusing its willful infringement allegations on a meeting between the parties that occurred in California. Tellingly, ZapFraud's Opposition fails to substantively address the unique relevance of this California meeting.

The factors strongly favor transfer and outweigh ZapFraud's choice of forum. There are no meaningful ties to Delaware other than the parties' incorporation therein. In view of the unique California ties that are specific to this case, this Court should grant Proofpoint's requested venue transfer.

## II.    ARGUMENT

### A.     The totality of the factors outweigh ZapFraud's choice of forum.

ZapFraud's choice to litigate in Delaware weighs against transfer but is not dispositive. Indeed, ZapFraud cites to various opinions that actually granted transfer—even though both parties were Delaware companies—because the totality of factors weighed in favor of transfer. *See, e.g.,* D.I. 24 at 5-6 (citing *Williamsburg Furniture, Inc. v. Lippert Components, Inc.*, C.A. No. 19-1993-CFC, 2020 WL 331119 (D. Del. Jan. 21, 2020) for the finding that four factors favoring transfer outweighed the paramount consideration given to plaintiff's choice of

1

forum). Here, as in *Williamsburg*, transfer is warranted at least because the claims arose in the transferee district (despite nationwide sales), a majority of relevant witnesses are located in the proposed district, and the proposed transferee district has less congestion. *Williamsburg*, 2020 WL 331119, at *4-6. These considerations and the other factors favoring transfer identified below strongly outweigh ZapFraud's choice of forum. *See also Minstar, Inc. v. Laborde*, 626 F.Supp. 142, 146 (D. Del. 1985) ("The mere fact that Delaware is the plaintiffs' choice of forum and . . . the defendants' state of incorporation will not, standing alone, prevent this Court from transferring this suit to another forum.") (quotations omitted).

        **B.**    **Proofpoint's choice of forum deserves substantive weight, favoring transfer.**

The parties agree that this factor favors transfer. However, Proofpoint's preference is not reduced to "little" weight as ZapFraud contends. The Court in *Intellectual Ventures I LLC v. Checkpoint Software Techs. Ltd.* gave "little" weight to this factor due to case specific issues "in connection with the convenience of the parties and convenience for the witnesses factors," issues that ZapFraud has not equated to the facts here. 797 F. Supp. 2d 472, 480 (D. Del. June 22, 2011); *see also id.* ("many of the likely trial witnesses are within the subpoena power of this Court and, even if they are not, Defendants' ability to present their case effectively will not be severely prejudiced"). Subsequent courts have also rejected the

argument that a defendant's forum preference is only entitled to "little weight." *Pragmatus AV, LLC v. Yahoo! Inc.*, C.A. No. 11-902-LPS-CJB, 2012 WL 4889438, at *6–7 (D. Del. Oct. 15, 2012) (noting lack of Third Circuit authority that defendant's forum preference "should automatically be reduced or lessened in every case"); *Tessera, Inc. v. Broadcom Corp.*, Nos. 16-379-LPS-CJB & 16-380-LPS-CJB, 2017 WL 1065865, at *5 n.7 (D. Del. Mar. 21, 2017) (explaining that the court "cannot find any support . . . in governing Third Circuit case law" for the argument that "the movant's choice of forum is automatically not given the same weight as Plaintiff's preference") (quotations omitted). Proofpoint's choice of forum should be given substantive weight at least because it seeks transfer to the most convenient venue, where both parties are headquartered, all identified third party and plaintiff witnesses reside, and where relevant Proofpoint witnesses are located.

      **C.**     **The location of where the claims arose favors transfer.**

ZapFraud argues that this factor is neutral because Proofpoint makes sales nationwide, and because one of the accused products was designed in Colorado instead of California. But, ZapFraud's primary legal support, *Verint Sys., Inc. v. CallCopy, Inc.*, actually stated that *although* infringement can be viewed as occurring in all districts, "infringement claims have even deeper roots in the forum where the accused products were developed." C.A. No. 12-562-GMS, 2013 WL

5338008 at *2 (D. Del. Sept. 23, 2013). Here, those roots are in California where the primary accused feature (Imposter Classifier) was designed. D.I. 20 at 4-5. Tellingly, ZapFraud failed to rebut or even address the relevance of Imposter Classifier to this case. ZapFraud also failed to explain how this factor could be neutral when ZapFraud itself is focusing its willfulness allegations on a meeting that occurred between the parties in California. D.I. 20 at 5-6.

Nor is ZapFraud correct in arguing that this factor is neutral because the design of the accused products did not occur exclusively in California. The question is whether the claims arose "elsewhere"—that is, outside Delaware—not whether they arose exclusively in the transferee district. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995) (defining this factor as "whether the claim arose elsewhere," without an exclusivity requirement). This Court, like others in this District, should not impose an exclusivity requirement for this *Jumara* factor. *See, e.g., Checkpoint*, 797 F. Supp. 2d at 481 (weighing this factor in favor of transfer even though "a bulk of the research and development activity occurred outside of both the" present and proposed district); *VLSI Tech. LLC v. Intel Corp.*, C.A. No. 18-966-CFC, 2018 WL 5342650 at *6 (D. Del. Oct. 29, 2018) (weighing this factor in favor of transfer when research and development occurred inside both the proposed district and at locations other than the present and proposed districts).

### D. There are no Delaware conveniences that outweigh the California conveniences favoring transfer

ZapFraud cannot escape the conclusion that the Northern District of California, which is the location of third party witnesses, both parties' headquarters, ZapFraud's witness, and anticipated Proofpoint witnesses and relevant research and development teams,[1] would be more convenient for everyone to litigate in. The drive to a local Northern California courthouse would take only a handful of minutes, whereas even direct flights from California to Delaware can take six hours or more, not including airport and local transportation logistics. Witnesses attending trial in California can return home each night to their families, rather than having to arrange a lengthy stay in a Delaware hotel. These are exactly the type of practical concerns that determine whether "***trial*** of a case [can be made] easy, expeditions and inexpensive." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981) (emphasis added).

ZapFraud argues that this factor disfavors transfer because the "best indicator of a plaintiff's own convenience is the plaintiff's own choice of forum." D.I. 24 at 10 (quoting *Tessera*, 2012 WL 1107706 at *4). Not so. *Tessera* actually found that this factor *favored* transfer in part because "the Northern District of California would be a convenient forum for Tessera (but not the most convenient

---

[1] Except the Colorado team, which is still closer to California than to Delaware.

5

based on its forum choice)." 2012 WL 1107706 at *5. The same is true here where ZapFraud is headquartered in California and its primary witness lives and works there.

ZapFraud's remaining argument, that the Court should discount the convenience of the witnesses because trial is speculative, is not dispositive. Trial is always speculative and crediting this argument as dispositive would render this factor moot in every case. Moreover, to the extent trial is necessary, Proofpoint has already identified witnesses, such as David Knight and Mike Lee, who reside in California and who are directly relevant to ZapFraud's allegations. D.I. 20 at 4-5. Indeed, ZapFraud's primary witness, Dr. Jakobsson, will also be required to testify at trial, but given his California residence, he will face the same inconveniences in traveling to Delaware as anyone else, regardless of his willingness to attend trial.

### E. ZapFraud overlooks the relevance of and inconveniences to third parties that favor transfer.

ZapFraud recognizes that Proofpoint has identified third parties beyond this court's subpoena power within the Northern District of California, a factor favoring transfer. D.I. 24 at 12. A subpoena would likely be necessary to ensure the testimony of these third parties given that none of the identified third parties have any known financial interests in the case or in either party. It is unlikely these individuals will voluntarily incur the financial and time costs of a cross country,

roundtrip flight and lodging to testify at trial without a subpoena. This factor therefore favors transfer to the Northern District of California, where these third parties are subject to trial subpoenas.

Moreover, ZapFraud's argument that Proofpoint insufficiently explained the relevance of the third party witnesses is not compelling. These witnesses will testify about disputed topics common to patent cases. For example, Mr. Tyson is the author of relevant prior art and may testify about his efforts to design this prior art—testimony that goes to the dispute about whether ZapFraud's invention was well known or obvious. D.I. 20 at 6, 11-12. Similarly, the prosecuting attorneys may have knowledge about the relevant known technologies in this field, whether Dr. Jakobsson fulfilled his duty of disclosure to the Patent Office, and other information generally relevant to novelty and obviousness of the invention under 35 U.S.C. §§ 102-103.

### F. The location of evidence in California, despite technological advances, favors transfer.

ZapFraud does not dispute that most of the likely evidence is located in California, and identifies no likely evidence in Delaware. All of ZapFraud's cited cases found this factor to favor transfer in various degrees when the evidence was located in the proposed forum, despite technological advances. D.I. 24 (citing *Genedics, LLC v. Meta Co.*, C.A. No. 17-1062-CJB, 2018 WL 417950 at *7 (D. Del. Jan. 12, 2018); *Rosebud LMS v. Salesforce.com, Inc.*, C.A. No. 17-1712-CFC,

7

2018 WL 6061343, at *6 (D. Del. Nov. 20, 2018); *C.R. Bard, Inc. v. Angiodynamics, Inc.*, 156 F. Supp. 3d 540, 546 (D. Del. 2016)). The Federal Circuit found error in a district court's decision to discount this factor based on advances in technology. *In re Link_A_Media*, 662. F.3d at 1224. Therefore, this factor favors transfer.

### G. Overall, practical considerations favor transfer.

ZapFraud's heavy focus on the pendency of the related Delaware litigations is not dispositive of the transfer analysis. The Supreme Court has cautioned against interpreting Section 1404(a) to allow parties to defeat a motion for a just and convenient transfer based solely on the party's deliberate acts." *Van Dusen v. Barrack*, 376 U.S. 612, 624 (1964). Here, ZapFraud attempts just that, by opposing transfer based on its deliberate act of filing multiple suits in this District, when it is uncontested that there are no documents, witnesses, or evidence expected to be in this District. ZapFraud is essentially asking the Court to adopt a standard where transfer is denied based merely upon a party choosing to file multiple separate lawsuits. This type of venue manipulation is disfavored. *See also in re Zimmer Holdings, Inc.*, 609 F.3d 1378, 1381 (Fed. Cir. 2010) (citing *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1195 (2010) (urging courts to ensure that the purposes of jurisdictional and venue laws are not frustrated by a party's attempts at manipulation)).

### H. California faces less administrative congestion than Delaware, favoring transfer

The statistics presented by both parties favor transfer. ZapFraud's patent-specific report shows that in 2019, the District of Delaware took nearly 50% longer to reach summary judgement (1,583 days to 1,003 days) and more than double the time to trial (1,285 days to 609 days). D.I. 25-5 (Exhibit 5 to the Xue Declaration).

### I. The facts of this case tie the interest to the Northern District of California, favoring transfer

ZapFraud relies solely on the general principle that patent litigation is a national controversy in an attempt to sidestep the unique facts that tie this case to the Northern District of California. *See Verint Sys.* 2013 WL 5338008, at *2 ("infringement claims have even deeper roots in the forum where the accused products were developed"). Here, ZapFraud is headquartered in northern California, and its inventor Mr. Jakobsson resides in northern California. Proofpoint has its headquarters, executives, and research teams in northern California. ZapFraud also bases its willful infringement case on a meeting between Dr. Jakobsson and Proofpoint executives at Proofpoint's California. D.I. 10 ¶ 14-18. It is not credible to argue that the unique facts of this case do not present a California based controversy.

Nor is ZapFraud correct in discounting the "impact on the 'work and reputation' of local employees" as merely a matter of concern in the Fifth Circuit.

9

D.I. 24 at 19 n. 14. Courts across the country, including in Delaware and California, consider the work and reputation of its residents when analyzing transfer requests. *See Abbott Labs. v. Roxane Labs., Inc.*, C.A. No. 12-457-RGA-CJB, 2013 WL 2322770, *26 (D. Del. May 28, 2013) (considering whether "the cause of action calls into question the work and reputation of several individuals residing in or near [the transferee] district and who presumably conduct business in that community") (quoting *In re Hoffman–La Roche Inc.*, 587 F.3d 1333, 1336 (Fed.Cir.2009)); *Qurio Holdings, Inc. v. DISH Network Corp.*, C.A. No. 15-CV-00930-HSG, 2015 WL 4148962, at *6 (N.D. Cal. July 9, 2015) ("[C]ourts in this district have indicated that forums where the operative facts occurred also have an interest in deciding a case. In patent cases, the preferred forum is that . . . where the defendant is alleged to have developed, tested, researched, produced, marketed, and made sales decisions concerning the accused product." (citation omitted)). Here, this factor favors transfer because the Northern District of California has a specific interest in its people who live and work there and the companies that operate there, particularly where, as here, allegations stem from a meeting that occurred in California where both parties are headquartered.

## **CONCLUSION**

The *Jumara* factors favoring transfer greatly outweigh the plaintiff's choice of forum. The Court should transfer this case to the Northern District of California.

|  |  |
|---|---|
|  | */s/ David M. Fry*<br>Karen E. Keller (No. 4489)<br>David M. Fry (No. 5486)<br>Nathan R. Hoeschen (No. 6232) |
| OF COUNSEL:<br>Katherine Vidal<br>Michael R. Rueckheim<br>WINSTON & STRAWN LLP<br>275 Middlefield Road, Suite 205<br>Menlo Park, CA 94025<br>(650) 858-6500 | SHAW KELLER LLP<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE 19801<br>(302) 298-0700<br>kkeller@shawkeller.com<br>dfry@shawkeller.com<br>nhoeschen@shawkeller.com |
| William M. Logan<br>WINSTON & STRAWN LLP<br>1111 Louisiana Street, 25th Floor<br>Houston, TX 77002-5242<br>(713) 651-2766 | *Attorneys for Defendant* |

Dated: February 27, 2020

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that this motion complies with the Court's standing orders regarding briefing because it was prepared in 14-point Times New Roman font and contains 2,325 words.

/s/ David M. Fry
David M. Fry (No. 5486)
*Attorney for Defendant*