IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ZAPFRAUD, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 19-1691-CFC |
| v. | ) | |
| | ) | |
| PROOFPOINT, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT PROOFPOINT, INC.'S MOTION
## TO DISMISS UNDER RULE 12(b)(6)

Defendant Proofpoint, Inc. moves to dismiss Plaintiff ZapFraud, Inc.'s complaint under Rule 12(b)(6) for failure to state a claim on which relief may be granted. For its opening brief and proposed order, Proofpoint respectfully joins and incorporates by reference the May 22, 2020, motion to dismiss, proposed order, and opening brief filed in this Court by the Mimecast defendants in C.A. No. 19-1690-CFC (D. Del.) (D.I. 31). In support, Proofpoint states as follows:

1.    ZapFraud filed this suit on September 10, 2019, alleging infringement of U.S. Patent No. 10,277,628 (the '628 patent). D.I. 1. ZapFraud also asserted the '628 patent against several other defendants in separate suits. C.A. Nos. 19-1687, -1688, -1689, -1690 (D. Del.). ZapFraud amended its complaint in this case on October 17, 2019. D.I. 10.

1

2.      On November 22, 2019, the Mimecast defendants filed a motion to dismiss ZapFraud's claims for lack of patent eligible subject matter under 35 U.S.C. § 101, along with a brief in support of that motion. *ZapFraud, Inc. v. Mimecast N.A. Inc.*, C.A. No. 19-1690-CFC (D. Del.) (D.I. 20–21.)

3.      The Mimecast brief explains that the '628 patent is directed to patent ineligible subject matter under the Supreme Court's test in *Alice Corp. v. CLS Bank International*, 573 U.S. 208, 216-18 (2014). Because doing so served the interest of judicial economy, Proofpoint filed a motion to dismiss in this case joining and incorporating the Mimecast motion on December 3, 2020. (D.I. 12.)

4.      For the convenience of the Court, Proofpoint included the following table that provides the language of the primary claim at issue in the '628 Patent (claim 14) with (i) the claim limitations grouped and numbered to help illustrate their internal dependency and (ii) a comparison to opinions cited in the Mimecast brief where similar claim language was found abstract.

| Claim language | Comparison To Federal Circuit Opinions Finding Abstract Ideas |
|---|---|
| **14.** A method for detecting attempted deception in an electronic communication, comprising: | |
| [1] ***receiving***, by at least one server, an ***electronic communication*** addressed to a user of a client device; and | *FairWarning IP, LLC v. Iatric Sys., Inc.* ("***collecting*** and analyzing ***information*** to detect misuse and notifying a user" is abstract idea) |

| Claim language | Comparison To Federal Circuit Opinions Finding Abstract Ideas |
|---|---|
| [2] *parsing*, by the at least one server, a *display name* associated with the electronic communication; | *Id.* ("collecting and *analyzing information*" is abstract idea) |
| [3] *determining, by at least one classifier component* executing on one or more processors, that the electronic *communication appears to have been transmitted on behalf of* an authoritative entity *by*: | *Compare Two-WayMedia Ltd. v. Comcast Cable Commc'ns, LLC*, 874 F.3d 1329, 1339 (Fed. Cir. 2017) ("result-based functional language" is abstract). |
| *computing a similarity distance* between the display name and at least a name of the authoritative entity, | *Id.* |
| wherein the *name* of the authoritative entity *is retrieved from* the at least one of the profile and a content database, | *Elec. Power Grp., LLC v. Alstom S.A.*, 830 F.3d 1350, 1353 (Fed. Cir. 2016) (collecting and analyzing data is abstract idea) |
| wherein the similarity distance is computed by comparison of items *by at least one of*: | |
| [3.1] basing the comparison on at least one of *a match between the display name associated with the electronic communication and the display name of the authoritative entity*, and | *CyberSource Corp. v. Retail Decisions, Inc.*, 654 F.3d 1366, 1373-74 (Fed. Cir. 2011) (comparing credit card transaction data is abstract idea) |
| a match between headers associated with the electronic communication and headers associated with the authoritative entity | Optional abstract limitation to the above recited comparison. *Compare Electric Power*, 830 F.3d at 1354-55 ("core" of "lengthy" eight-step claims was abstract idea) |

| Claim language | Comparison To Federal Circuit Opinions Finding Abstract Ideas |
|---|---|
| [3.1.1] wherein **the matches are determined by** at least one of: **determining that the compared items are the same**, | *CyberSource*, 654 F.3d at 1373-74 (comparing credit card transaction data is abstract idea) |
| determining that the compared items have a Hamming distance below a threshold value, determining that the compared items have an edit distance below a threshold value, determining that a support vector machine indicates a similarity based on previously trained examples, determining a similarity score based on how many characters were replaced by characters of sufficient similarity and performing at least one normalization followed by a comparison; | Optional abstract limitations to the above recited comparison. *Compare Electric Power*, 830 F.3d at 1354-55 ("core" of "lengthy" eight-step claims was abstract idea) |
| [4] **determine, by the at least one classifier component**, that the electronic **communication was not transmitted with authorization** from the authoritative entity; | *Two-WayMedia*, 874 F.3d at 1339 ("result-based functional language" is abstract) |
| [5] based at least in part on determining that the electronic communication appears to have been transmitted on behalf of the authoritative entity and determining that the electronic communication was not transmitted with | *In re TLI Commc'ns. LLC Patent Litig.*, 823 F.3d 607, 612 (Fed. Cir. 2016) ("classifying and storing digital images in an organized manner" is an abstract idea) |

| Claim language | Comparison To Federal Circuit Opinions Finding Abstract Ideas |
|---|---|
| authorization from the authoritative entity, ***performing a security determination***, by the at least one server, ***including classifying the electronic communication***, wherein the classifying includes two or more security classifications including good and bad; and | |
| [6] based at least in part on the security determination resulting in a bad classification, ***performing an action*** by the at least one server ***comprising at least one of erasing the electronic communication***, | *Intellectual Ventures I LLC v. Symantec Corp.*, 838 F.3d 1307, 1317 (Fed. Cir. 2016) ("methods of screening messages are abstract ideas, fundamental practices long prevalent in our system and methods of organizing human activity") (internal quotations omitted). |
| marking up the electronic communication at least in part by adding a warning or an explanation, flagging the electronic communication, forwarding the electronic communication to a third party, placing the electronic communications in the spam folder, and forwarding the electronic communication to a repository. | Optional abstract limitations to the above recited erasing. *Compare Electric Power*, 830 F.3d at 1354-55 ("core" of "lengthy" eight-step claims was abstract idea) |

5.     On April 24, 2020, ZapFraud filed the Second Amended Complaint

(D.I. 29), which added allegations of infringement of U.S. Patent No. 10,609,073

("'073 patent"). ZapFraud also asserted the '073 patent against the other defendants in the separate suits. C.A. Nos. 19-1687, -1688, -1689, -1690 (D. Del.).

6.    On May 22, 2020, the Mimecast defendants again filed a motion to dismiss ZapFraud's claims for lack of patent eligible subject matter under 35 U.S.C. § 101, along with a brief in support of that motion. *ZapFraud, Inc. v. Mimecast N.A. Inc.*, C.A. No. 19-1690-CFC (D. Del.) (D.I. 31.)

7.    The Mimecast brief explains that both the '628 patent and the '073 patent are directed to patent ineligible subject matter under the Supreme Court's test in *Alice Corp. v. CLS Bank International*, 573 U.S. 208, 216-18 (2014). Because doing so serves the interest of judicial economy, Proofpoint joins and incorporates the Mimecast motion.[1]

8.    For the convenience of the Court, and in addition to the above table regarding the '628 patent, Proofpoint provides the below table containing language of the primary claim at issue in '073 patent (claim 1) with (i) the claim limitations grouped and numbered to help illustrate their internal dependency and (ii) a comparison to additional opinions cited in the Mimecast brief where similar claim language was found abstract.

---

[1] Proofpoint reserves the right to reply independently to any specific arguments ZapFraud raises in opposition to dismissal.

| Claim language | Comparison To Federal Circuit Opinions Finding Abstract Ideas |
|---|---|
| **1.** A classification system for detecting attempted deception in an electronic communication, comprising: | *See* '628 patent chart |
| [1] a client device used to access the electronic communication addressed to a user of the client device; | *See* '628 patent chart |
| [2] at least one of a profile and content database; and | *See* '628 patent chart |
| [3] at least one server in communication with the client device and the at least one of the profile and content database, the at least one server comprising: | *See* '628 patent chart |
| [3.1] an interface configured to receive the electronic communication; and | *See* '628 patent chart |
| [3.2] a set of one or more processors configured to: | *OIP Techs., Inc. v. Amazon.com, Inc.*, 788 F.3d 1359, 1363 (Fed. Cir. 2015) ("generic computerization"—even if "automat[ing] or otherwise mak[ing] [the steps] more efficient"—does not make the claims "any less abstract"). |
| [3.2.1] **determine, by at least one classifier component,** that the electronic **communication appears to have been transmitted on behalf of** an authoritative entity by: | *Two-WayMedia Ltd. v. Comcast Cable Commc'ns, LLC*, 874 F.3d 1329, 1339 (Fed. Cir. 2017) ("result-based functional language" is abstract). |
| [3.2.1.1] **computing a similarity distance** between a first item from the electronic communication and a second | *Two-WayMedia Ltd. v. Comcast Cable Commc'ns, LLC*, 874 F.3d 1329, 1339 (Fed. Cir. 2017) ("result-based functional language" is abstract). |

| Claim language | Comparison To Federal Circuit Opinions Finding Abstract Ideas |
|---|---|
| item associated with the authoritative entity, wherein **the second item** associated with the authoritative entity **is retrieved from** the at least one of the profile and content database, wherein the similarity distance is computed by performing a match **between at least one of**: | *Elec. Power Grp., LLC v. Alstom S.A.*, 830 F.3d 1350, 1353 (Fed. Cir. 2016) (collecting and analyzing data is abstract idea) |
| [3.2.1.1.1] the first item comprising a display name of the electronic communication and the second item comprising a display name of the authoritative entity, | *See* '628 patent chart |
| [3.2.1.1.2] the first item comprising an email address of a sender of the electronic communication and the second item comprising an email address of the authoritative entity, | *See* '628 patent chart |
| [3.2.1.1.3] the first item comprising at least a part of a text comprising the electronic communication and the second item comprising at least a part of a text associated with the authoritative entity; and | *See* '628 patent chart |
| [3.2.1.1.4] the first item comprising a header associated with the electronic communication and the second item comprising a header associated with the authoritative entity, | *See* '628 patent chart |

8

| Claim language | Comparison To Federal Circuit Opinions Finding Abstract Ideas |
|---|---|
| [3.2.1.1.5] wherein the match is determined by at least one of: | *See* '628 patent chart |
| [3.2.1.1.5.1] ***determining that first item and the second item are the same***, | *CyberSource Corp. v. Retail Decisions, Inc.*, 654 F.3d 1366, 1373-74 (Fed. Cir. 2011) (comparing credit card transaction data is abstract idea) |
| determining that the first item and the second item have a Hamming distance below a first threshold value, determining that the first item and the second item have an edit distance below a second threshold value, determining that a support vector machine indicates a similarity between the first item and the second item based on previously trained examples, determining a similarity score based on how many characters in the second item were replaced by characters in the first item and performing at least one normalization prior to performing the match; | Optional abstract limitation to the above recited comparison. *Compare Electric Power*, 830 F.3d at 1354-55 ("core" of "lengthy" eight-step claims was abstract idea) |
| [3.3] ***determine, by the at least one classifier component***, that the electronic ***communication was not transmitted with an authorization*** from the authoritative entity; | *Two-WayMedia*, 874 F.3d at 1339 ("result-based functional language" is abstract) |
| [3.4] based at least in part on determining that the electronic communication appears to have been transmitted on | *Intellectual Ventures I LLC v. Symantec Corp.*, 838 F.3d 1307, 1317 (Fed. Cir. 2016) ("methods of screening messages are abstract ideas, fundamental practices long prevalent in our |

| Claim language | Comparison To Federal Circuit Opinions Finding Abstract Ideas |
|---|---|
| behalf of the authoritative entity and determining that the electronic communication was not transmitted with the authorization from the authoritative entity, ***perform a security action*** comprising at least one of: ***erasing the electronic communication***, | system and methods of organizing human activity") (internal quotations omitted). |
| marking up the electronic communication at least in part by adding a warning or an explanation, flagging the electronic communication, forwarding the electronic communication to a third party, placing the electronic communication in a spam folder, and forwarding the electronic communication to a repository; and | Optional abstract limitations to the above recited erasing. *Compare Electric Power*, 830 F.3d at 1354-55 ("core" of "lengthy" eight-step claims was abstract idea) |
| [4] a memory coupled to the set of one or more processors and configured to provide the set of one or more processors with instructions. | *See* '628 patent chart |

WHEREFORE, for the reasons explained in Mimecast's brief in support of its motion to dismiss, Proofpoint respectfully requests that the Court dismiss Zapfraud's claims with prejudice because the '628 patent and the '073 claims lack patent eligible subject matter under § 101.

*/s/ David M. Fry*
Karen E. Keller (No. 4489)
David M. Fry (No. 5486)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
dfry@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendant*

OF COUNSEL:
Katherine Vidal
Michael R. Rueckheim
WINSTON & STRAWN LLP
275 Middlefield Road, Suite 205
Menlo Park, CA 94025
(650) 858-6500

William M. Logan
WINSTON & STRAWN LLP
1111 Louisiana Street, 25th Floor
Houston, TX 77002-5242
(713) 651-2766

Dated: May 22, 2020

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that this motion complies with the Court's standing orders regarding briefing because it was prepared in 14-point Times New Roman font and contains 2,064 words.

*/s/ David M. Fry*

David M. Fry (No. 5486)
*Attorney for Defendant*