# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ZAPFRAUD, INC., <br><br> Plaintiff, <br> v. <br><br> PROOFPOINT, INC., <br><br> Defendant. | Civil Action No. 19-cv-1691-CFC <br><br> **JURY TRIAL DEMANDED** |

## ZAPFRAUD, INC.'S OPPOSITION
## TO DEFENDANT'S MOTION TO DISMISS

*Of Counsel:*
Jonas McDavit
Wen Xue
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
Telephone: 212-351-3400
Facsimile: 212-351-3401
jmcdavit@desmaraisllp.com
wxue@desmaraisllp.com

Dated: June 5, 2020

Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
FARNAN LLP
919 North Market St., 12th Floor
Wilmington, DE 19801
Telephone: 302-777-0300
Facsimile: 302-777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Plaintiff ZapFraud, Inc.*

Defendant Proofpoint, Inc. ("Proofpoint") purports to join and incorporate by reference a Motion to Dismiss for Failure to State a Claim filed in the case captioned *ZapFraud, Inc. v. Mimecast North America, Inc.*, CA No. 19-1690 (D. Del.) (the "Mimecast Action"), D.I. 31-32. Plaintiff ZapFraud, Inc. ("ZapFraud") hereby incorporates its opposition brief filed in the Mimecast Action. (Mimecast Action, D.I. 34.)

Proofpoint's motion provides "[f]or the convenience of the Court" tables that compare an independent claim for each patent-in-suit, limitation-by-limitation, with "opinions cited in the Mimecast brief where similar claim language was found abstract." (D.I. 31 at 2-5, 6-10.) To the extent Proofpoint suggests that Section 101 involves an element-by-element analysis of the claim language, it commits the same error as Mimecast. (*See* Mimecast Action, D.I. 32 at 16-17.) Patent eligibility determinations require evaluating the claims "***in their entirety*** to ascertain whether their character ***as a whole*** is directed to excluded subject matter." *Int'l Bus. Machines Corp. v. Groupon, Inc.*, 289 F. Supp. 3d 596, 601 (D. Del. 2017) (emphasis added); *McRO, Inc. v. Bandai Namco Games Am. Inc.*, 837 F.3d 1299, 1313 (Fed. Cir. 2016) ("Whether at step one or step two of the *Alice* test, in determining the patentability of a method, a court must look to the claims as an ordered combination,

1

without ignoring the requirements of the individual steps.").[1] Thus, the element-by-element table is both unhelpful and invites legal error. The proper inquiry is whether the patents-in-suit claim an "advance over the prior art to determine if the claim's character as a whole is directed to excluded subject matter." *Koninklijke KPN N.V. v. Gemalto M2M GmbH*, 942 F.3d 1143, 1149 (Fed. Cir. 2019) (quoting *Affinity Labs of Tex., LLC v. DIRECTV, LLC*, 838 F.3d 1253, 1257 (Fed. Cir. 2016)).

Further, to the extent that the Court entertains comparing individual claim elements of the patents-in-suit, several recent cases have found claims reciting similar elements non-abstract and not directed to an abstract idea. *See e.g.*, *Koninklijke KPN*, 942 F.3d at 1147-48, 1150 (finding claims directed to varying check data to identify errors non-abstract); *Finjan, Inc. v. Blue Coat Sys., Inc.*, 879 F.3d 1299, 1303-05 (Fed. Cir. 2018) (finding claims that recite "receiving" information non-abstract); *SRI Int'l, Inc. v. Cisco Sys., Inc.*, 930 F.3d 1295, 1301, 1303 (Fed. Cir. 2019) (finding a claim that recites "detecting" suspicious activity based on "analysis" of data non-abstract); *Data Engine Techs. LLC v. Google LLC*, 906 F.3d 999, 1006-07 (Fed. Cir. 2018) (finding claims that include "determining"

---

[1] Proofpoint previously argued that *Alice* "step two" allows for an "element-by element analysis," (D.I. 17, ¶2 (citing *Chamberlain Grp., Inc. v. Techtronic Indus. Co.*, 935 F.3d 1341, 1348-49 (Fed. Cir. 2019)), but that is not the complete analysis. Even under step two, the court still analyzes "whether all of the steps *as an ordered combination* add nothing to the laws of nature that is not already present when the steps are considered separately." *Chamberlain*, 935 F.3d at 1349.

2

and "storing" steps non-abstract); *Gracenote, Inc. v. Free Stream Media Corp.*, No. CV 18-1608-RGA, 2019 WL 5684491, at *1, *4 (D. Del. Nov. 1, 2019) (finding claims that include "comparing," "determining," and "causing execution of an action" steps non-abstract).

| | |
|---|---|
| Dated: June 5, 2020 | Respectfully submitted, |
| | FARNAN LLP |
| | */s/ Brian E. Farnan* |
| | Brian E. Farnan (No. 4089) |
| | Michael J. Farnan (Bar No. 5165) |
| | 919 North Market St., 12th Floor |
| | Wilmington, DE 19801 |
| | Telephone: 302-777-0300 |
| | Facsimile: 302-777-0301 |
| | bfarnan@farnanlaw.com |
| | mfarnan@farnanlaw.com |
| | |
| | Jonas McDavit (admitted *pro hac vice*) |
| | Wen Xue (admitted *pro hac vice*) |
| | DESMARAIS LLP |
| | 230 Park Avenue |
| | New York, NY 10169 |
| | Telephone: 212-351-3400 |
| | Facsimile: 212-351-3401 |
| | jmcdavit@desmaraisllp.com |
| | wxue@desmaraisllp.com |
| | |
| | *Attorneys for Plaintiff ZapFraud, Inc.* |

## **CERTIFICATION OF COMPLIANCE**

The foregoing document complies with the type-volume limitation of this Court's November 6, 2019 form Scheduling Order For All Cases is Alleged. The text of this brief, including footnotes, was prepared in Times New Roman, 14 point. According to the word processing system used to prepare it, the brief contains 531 words, excluding the case caption, signature block, table of contents and table of authorities.

                                                          /s/ Brian E. Farnan
                                                     Brian E. Farnan (#4089)

Dated: June 5, 2020