IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ZAPFRAUD, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 19-1688-CFC |
| | ) | |
| FIREEYE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| ZAPFRAUD, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 19-1690-CFC |
| | ) | |
| MIMECAST NORTH AMERICA, | ) | |
| INC., MIMECAST UK LIMITED | ) | |
| and MIMECAST SERVICES, LTD., | ) | |
| | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| ZAPFRAUD, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 19-1691-CFC |
| | ) | |
| PROOFPOINT, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

Pending before me are Plaintiff ZapFraud, Inc.'s objections (D.I. 47 in Civ.

Action Nos. 19-1688 and 19-1691; D.I. 48 in Civ. Action No. 19-1690)

(hereinafter "Obj.") to the Magistrate Judge's Report and Recommendation issued

on November 20, 2020 (D.I. 44 in Civ. Action Nos. 19-1688 and 19-1691; D.I. 45

in Civ. Action No. 19-1690) (hereinafter "RR").   The Magistrate Judge concluded

in the Report and Recommendation that the two patents asserted in these cases

(U.S. Patent Nos. 10,277,628 (the #628 patent) and 10,609,073 (the #073 Patent))

are directed to patent ineligible subject matter and are therefore invalid.   Based on

that conclusion, the Magistrate Judge recommended that I grant Defendants'

motions to dismiss with prejudice.   RR at 23.   I have reviewed the Report and

Recommendation, the objections, and Defendants' responses.

The Magistrate Judge had the authority to make his recommendation under

28 U.S.C. § 636(b)(1)(B).   I review his recommendation de novo.   § 636(b)(1);

see also Fed. R. Civ. P. 72(b)(3); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir.

2011).

In support of its objections, ZapFraud argues first that the Magistrate was

"led astray" when he agreed with Defendants that the asserted patents are directed

to the abstract idea of identifying deceptive messages that appear to be from a

trustworthy source and taking action accordingly.   Obj. at 2.   That idea was the

focus of the claims, written description, and prosecution history of the asserted

2

patents.   *See* RR 7–8, 10, 16 & n.9.   And the articulation of that idea tracks the

three-step description of the alleged patented innovation ZapFraud itself provided

in its opposition to the motions to dismiss.   *See* D.I. 34 at 6–7 (describing patents'

"multi-step approach to electronic communication security" as consisting of

"[f]irst, determin[ing] whether an incoming communication would appear

trustworthy to a user"; "[s]econd, assess[ing] that communication to determine if it

was indeed 'transmitted with authorization from the authoritative entity'"; and

"[t]hird, classify[ing] the incoming communication by "'perform[ing] a security

determination.'").   Accordingly, I find that the Magistrate Judge's description of

the abstract idea taught by the asserted patents was not erroneous.

　　　ZapFraud's second argument is not entirely clear but easily dismissed.   As

best I can tell, ZapFraud is saying that the Magistrate Judge cannot "re-examine

the patent office's work."   Obj. at 8.   That is clearly not the law and not a basis to

overrule the Magistrate Judge's conclusions.

　　　Lastly, ZapFraud argues that the Magistrate Judge erred in dismissing the

asserted patents because factual disputes exist about whether the asserted claims

lack an inventive concept.   Obj. at 8.   Zapfraud cites three alleged inventive

concepts as evidence of factual disputes: (1) "performing a contextual analysis

based on an 'authoritative entity,'" *id.* at 9; (2) "computing a 'similarity distance,'"

3

*id.* at 10; and (3) "using a 'collection of terms' and 'equivalence analysis,'" *id.* at 11.   To the extent these concepts are comprehensible, they are nothing more applications of the claimed abstract idea—i.e., identifying deceptive messages that appear to be from a trustworthy source and taking action accordingly—using conventional and well-understood techniques.   (The patent itself makes clear that the putative invention makes use of "standard commercially available server hardware" and "a typical server-class operating system."   #628 patent, col. 6:37–42.)   "[A] claimed invention's use of the ineligible concept to which it is directed cannot supply the inventive concept that renders the invention 'significantly more' than that ineligible concept."   *BSG Tech LLC v. Buyseasons, Inc.*, 899 F.3d 1281, 1290 (Fed. Cir. 2018).   Accordingly, these three concepts do not create a factual dispute that would prevent dismissal at the pleadings stage.

For these reasons as well as the detailed and thoughtful analysis set forth in the Report and Recommendation, I will overrule Plaintiffs' objections and adopt the Report and Recommendation.

NOW THERFORE, at Wilmington this Twenty-fifth day of March in 2021, IT IS HEREBY ORDERED that:

1. Plaintiffs' objections (D.I. 47 in Civ. Action Nos. 19-1688 and 19-1691; D.I. 48 in Civ. Action No. 19-1690) are OVERRULED;

4

2. The Report and Recommendation (D.I. 44 in Civ. Action Nos. 19-1688 and 19-1691; D.I. 45 in Civ. Action No. 19-1690) is ADOPTED;

3. Defendants' motions to dismiss (D.I. 31 in Civ. Action Nos. 19-1688, 19-1690 and 19-1691) are GRANTED;

4. The Second Amended Complaints (D.I. 29 in Civ. Action Nos. 19-1688, 19-1690 and 19-1691) are DISMISSED.

_____
UNITED STATES DISTRICT JUDGE